[Cite as *State v. Williams*, 2016-Ohio-439.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Renzie Lamar Williams

Appellant

Court of Appeals No. L-14-1056

Trial Court No. CR0201302136

**DECISION AND JUDGMENT**

Decided:  February 5, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Matthew D. Simko, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki, for appellant.

* * * * *

OSOWIK, J.

{¶ 1} This is an appeal brought by appellant, Renzie Lamar Williams, from the

judgment of the Lucas County Court of Common Pleas which found him guilty of

possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(d), weapons under

disability, in violation of R.C. 2923.13(A)(3), and aggravated possession of drugs, in

violation of R.C. 2925.11(A) and (C)(1)(a). Appellant was then sentenced to serve a mandatory sentence of five years in prison as to Count 1, 30 months as to Count 2, and 11 months as to Count 3.

{¶ 2} On November 13, 2013, the trial court conducted an evidentiary hearing on appellant's motion to suppress. At the hearing, the state presented testimony from three city of Toledo police officers.

{¶ 3} These officers testified that they responded to 1561 Brooke Park in the city of Toledo on a report that gunshots were heard inside the apartment complex. The 911 caller indicated that a man inside Apartment No. 5 was yelling and that he was seen with blood on his shirt. When these officers arrived they found fresh blood right in front of the door of Apartment No. 5. The officers knocked on the door and were denied entrance. The officers could hear a "commotion" inside. Ultimately someone answered the door and the officers then entered the apartment to check for any other individuals who could have been hurt inside the apartment or to determine if there was anyone inside with a weapon.

{¶ 4} Once in the apartment, the officers went from room to room to secure the scene. In the living room, in plain view, they observed a scale with white powder. In the bedroom, they observed, in plain view, a bag of pills and a chunk of white powder on the bed. Looking at the bedroom window, one of the officers observed a handgun hanging from a string attached to the bedroom window blinds. Finally, in a search of the area outside and under the bedroom window officers recovered a bag of crack cocaine and

2.

pills. Appellant was located in a bathroom and was patted down and moved to another room. After the appellant was arrested, he was advised of his *Miranda* rights and was interviewed by detectives. During the interview appellant admitted to living in 1561 Brooke Park, Apartment No. 5, regularly sleeping in the room where the drugs were found, knowing that the gun was in the apartment, and that he had handled it before and that the gun was kept nearby. He also admitted to purchasing the Percocet that was found in the baggie beneath his bedroom window.

{¶ 5} In his first assignment of error, appellant argues that

> The unlawful search of Appellant's residence was in violation of the Fourteenth Amendment to the United States Constitution and Article I Section 14 of the Ohio Constitution, and the trial court erred in allowing into evidence the fruits of the unlawful search.

{¶ 6} An appellate review of a decision on a motion to suppress presents a mixed question of law and fact. On review of a ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. The court must then independently determine without deference to the trial court's legal conclusions whether, as a matter of law, evidence should be suppressed. *State v. Junk*, 6th Dist. Huron No. H-07-27, 2008-Ohio-1564.

{¶ 7} The Fourth Amendment to the United States Constitution provides for "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It is axiomatic that the "physical entry of the home

3.

is the chief evil against which the wording of the Fourth Amendment is directed." *United States v. United States District Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). And a principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment on agents of the government who seek to enter the home for purposes of search or arrest. *See Johnson v. United States*, 333 U.S. 10, 13-14, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

{¶ 8} A search conducted without a warrant is per se unreasonable, but there are exceptions to the rule. It is the state's burden to prove that one of these exceptions applies. *Xenia v. Wallace*, 37 Ohio St.3d 216, 524 N.E.2d 889 (1988).

{¶ 9} One of these well-recognized exceptions permits warrantless felony arrests in the home where it can be shown the existence of probable cause and exigent circumstances. *Payton v. New York*, 445 U.S. 573, 588-590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). This exception is founded on the premise that the existence of an emergency situation, demanding urgent police action, may excuse the failure to procure a search warrant. *State v. Cheadle*, 2d Dist. Miami No. 00CA03, 2000 WL 966167 (July 14, 2000). In such an emergent situation, based on specific and articulable facts, when someone could be in need of immediate assistance in the particular dwelling, police are not searching for evidence of a crime, but for victims or a person who could be an assailant with a weapon. *See State v. Gooden*, 9th Dist. Summit No. 23764, 2008-Ohio-178. If contraband is discovered by an officer, lawfully in the house pursuant to the

4.

exigent circumstance exception, it may be properly seized. *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

{¶ 10} In this case, the facts establish that Toledo police officers responded to a 911 call wherein the caller said that someone was yelling inside Apartment No. 5 and was "busting off caps." Also, the caller indicated that there was a black male with blood on his shirt. Upon arrival at 1561 Brooke Park, Apartment No. 5, the officers observed fresh blood directly outside the door of the apartment. These facts effectively define an exigent circumstance, thereby enabling the responding officers to gain access to the apartment without violating the proscriptions of the Fourth Amendment of the United States Constitution and Article I, Section 14 of the Ohio Constitution. Appellant's first assignment of error is therefore found not well-taken.

{¶ 11} Appellant's second assignment of error asserts that the evidence at trial was insufficient to support the convictions. Specifically, appellant argues that his convictions of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(d), weapons under disability, in violation of R.C. 2923.13(A)(3), and aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), required appellant to be found in actual possession of the contraband found in the apartment.

{¶ 12} In *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), the Ohio Supreme Court outlined the analysis required to determine the sufficiency of the evidence:

5.

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.) *Id.* at paragraph two of the syllabus.

{¶ 13} Appellant challenges all of his convictions on sufficiency of the evidence grounds. Appellant contends that the evidence at trial was insufficient to prove the possession elements of R.C. 2925.11(A) which states, "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶ 14} Appellant was also convicted of a violation of R.C. 2923.13(A)(3). That section states:

(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(3) Such person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration,

distribution, or trafficking in any drug of abuse, or has been adjudged a juvenile delinquent for commission of any such offense[.]

{¶ 15} Appellant also argues that the prosecution failed to prove the possession requirements of R.C. 2923.13(A).

{¶ 16} However, possession may be actual or constructive. *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). To establish constructive possession of the drugs, the state must establish that the defendant was able to exercise dominion and control over them. *Id.*; *State v. Durr*, 6th Dist. Sandusky No. S-97-056, 2000 WL 1033033 (July 28, 2000). Evidence that a defendant was located in very close proximity to readily usable drugs may constitute circumstantial evidence to support a finding of constructive possession. *State v. Rutledge*, 6th Dist. Lucas No. L-12-1043, 2013-Ohio-1482, ¶ 11; *Durr* at * 4; *State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714.

{¶ 17} Constructive possession can be sufficient to support a conviction of having weapons under disability. *State v. Munn*, 6th Dist. Lucas No. L-08-1363, 2009-Ohio-5879, ¶ 47-48; *State v. Hardy*, 60 Ohio App.2d 325, 327, 397 N.E.2d 773 (8th Dist.1978).

{¶ 18} Whether a person knowingly possessed a controlled substance is to be "determined from all the attendant facts and circumstances." *State v. Teamer*, 82 Ohio St.3d 490, 492, 696 N.E.2d 1049 (1998). The responding officers found the drugs on the bed in the bedroom. Appellant admitted to officers that it was his bedroom and his roommate slept on the couch. Further, the weapon was found outside the bedroom

7.

window of that same bedroom. Appellant admitted to the officers to purchasing the Percocet that was ultimately found in the container outside the appellant's bedroom window. Given the circumstances under which the cocaine was found and the location in appellant's bedroom and on his bed, we find, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of each of the crimes proven beyond a reasonable doubt. Further, we conclude that any rational trier of fact could have found that appellant was aware of the presence of the weapon and had immediate access to it.

{¶ 19} Appellant's second assignment of error is therefore not found well-taken.

{¶ 20} For appellant's third and final assignment of error, he argues that his convictions were against the manifest weight of the evidence. More particularly, he argues that the testimony of the officers should be considered unreliable because the interview with the appellant was not recorded.

{¶ 21} Where it is claimed that a verdict is against the manifest weight of the evidence, an appellate court acts as a "thirteenth juror," weighs the evidence, and may disagree with a factfinder's conclusions on conflicting testimony. *State v. Lee*, 6th Dist. Lucas No. L-06-1384, 2008-Ohio-253.

{¶ 22} The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and new trial

8.

ordered. "[E]vidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 23} We defer to the factfinder in its determination of the credibility of the testimony of the officers concerning what appellant said to them during their interview with him. Under the totality of the circumstances, a rational trier of fact could reasonably find that appellant had knowledge of the presence of the drugs and the weapon and constructive, if not actual, possession of them.

{¶ 24} We find appellant's contention that his convictions were against the manifest weight of the evidence to be without merit. Appellant's third assignment of error is found not well-taken.

{¶ 25} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                                 JUDGE

Thomas J. Osowik, J. 

                                   _____

Stephen A. Yarbrough, J.                              JUDGE
CONCUR.

                                   _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.