[Cite as *State v. Allen*, 2016-Ohio-2666.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1191

    Appellee                                   Trial Court No. CR0199702581

v.

Ronald S. Allen, Jr.                             **DECISION AND JUDGMENT**

    Appellant                                  Decided:  April 22, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Ronald S. Allen, Jr., pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Ronald S. Allen Jr., appeals from the June 15, 2015 judgment of

the Lucas County Court of Common Pleas dismissing his petition for postconviction

relief.  Appellant was convicted of murder by a jury and sentenced to an indefinite term

of 15 years to life in prison on November 3, 1997.  The judgment was affirmed on appeal. *State v. Allen*, 6th Dist. Lucas No. L-97-1444, 1999 WL 146259 (Mar. 19, 1999).

{¶ 2} For the past 19 years, appellant has filed numerous motions and petitions for postconviction relief, all of which have been dismissed on the grounds that they were barred by the doctrine of res judicata.  *State v. Allen*, 6th Dist. Lucas No. L-98-1433, 1999 WL 550230 (July 30, 1999); *State v. Allen*, 6th Dist. Lucas No. L-11-1077, 2012-Ohio-3504; *State v. Allen*, 6th Dist. Lucas No. L-14-1165, 2015-Ohio-1858, ¶ 7-8.

{¶ 3} The current appeal arises from appellant's May 21, 2015 petition to vacate his conviction pursuant to R.C.  2945.75(A)(2) and *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.  Appellant asserted his conviction was void because neither the jury verdict form nor the jury instructions included the degree of the offense or the correct statute.  The trial court granted summary judgment to the state and dismissed the petition on June 15, 2015, finding the petition was untimely and, based on the statute in effect at the time of his conviction, the jury was properly instructed and the verdict forms were not deficient.  Appellant appealed the court's judgment but the next day filed a motion to withdraw any and all claims set forth in his postconviction relief petition regarding R.C. 2945.75.

{¶ 4} On appeal, appellant asserts the following assignments of error:

2.

Assignment of Error No. I.

Whether the trial court erred, abused its discretion, and commits Plain Error when it granted the Plaintiff for the State of Ohio, Motion for Summary Judgment.

Assignment of Error No. II

Whether the trial court erred, abused his discretion, commits Plain Error and denied Appellant, Ronald S. Allen Jr., Due Process, without notice of the courts [sic] intention to Sua Sponte dismiss his motion pursuant to R.C. 2945.75(A)(2), and an opportunity to respond to the Plaintiff for the State of Ohio's ancillary action for a motion to dismiss and motion for summary judgment.

Assignment of Error No. III

Whether the jury verdict form is in compliance with R.C. 2945.75(A)(1) or (2).

Assignment of Error No. IV

Whether the trial court's judgment entry rendered on June 11, 2015 constitutes a final, appealable order under Civ.R. 54 and R.C. 2505.02.

{¶ 5} In his first assignment of error, appellant argues that the trial court erred by summarily dismissing his petition. We disagree.

{¶ 6} The postconviction relief remedy under R.C. 2953.21 is the exclusive remedy to raise collateral challenges to the validity of the conviction or sentence. R.C.

3.

2953.21(J). At the time of appellant's first petition, the statute in effect required that the petition be filed within 180 days after the transcript was filed in the court of appeals. Former R.C. 2953.21(A)(2), effective September 21, 1995. Today, the time limit is 365 days. R.C. 2953.21(A)(2), effective March 23, 2015.

{¶ 7} R.C. 2953.21(C) requires that the trial court, "[b]efore granting a hearing, * * * determine whether there are substantive grounds for relief. * * * [T]he court shall consider * * * the petition, the supporting affidavits, and the documentary evidence, * * * and [the court] records." "A court may not entertain a petition filed after the expiration of this time limit or a second or successive petitions unless the court finds that both of the factors listed in R.C. 2953.23(A)(1) apply." *State v. Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197, ¶ 15. The petitioner must demonstrate that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or that "the United States Supreme Court recognized a new federal or state right that applies retroactively" to the petitioner. R.C. 2953.23(A)(1)(a). Furthermore, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶ 8} We review the trial court's decision as to whether the petitioner has established an exception to the time limit under an abuse of discretion standard. *Unsworth* at ¶ 16; *State v. Rodriguez*, 6th Dist. Wood No. WD-14-075, 2015-Ohio-562,

4.

¶ 7. *Compare State v. Phillips*, 9th Dist. Summit No. 27733, 2016-Ohio-1198, ¶ 7 (dismissal based on a lack of jurisdiction is reviewed de novo).

{¶ 9} In this case, appellant's petition is clearly untimely unless one of the exceptions applies. Appellant's claim for relief is that his conviction was void because the jury verdict form was insufficient. Appellant asserts, without further explanation, that he was unavoidably prevented from discovery of this claim.

{¶ 10} We find this allegation does not fit the requirements of R.C. 2953.23(A)(1) for filing an untimely petition. Appellant's new discovery is a new legal theory, not "newly discovered facts." The jury verdict form used in this case was known at the time of the conviction. The "lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing." *State v. Singleton*, 2d Dist. Montgomery No. 26763, 2016-Ohio-611, ¶ 18, citing *State v. Wolff*, 7th Dist. Mahoning No. 10-MA-184, 2012-Ohio-5575, ¶ 16, quoting *State v. Gaston*, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155, ¶ 9.

{¶ 11} Appellant's claim should have been raised in his direct appeal because it was not based on evidence outside the record. Alternatively, even if the claim was based on evidence outside the record, it could have been raised in appellant's prior postconviction relief petitions. Having failed to timely assert his claim, it is now barred by statute, R.C. 2953.21(A)(4), and under the doctrine of res judicata. *State v. Brusiter*, 8th Dist. Cuyahoga No. 101908, 2015-Ohio-1549, ¶ 13. A claim of ineffective assistance of appellate counsel cannot be raised in a postconviction relief petition. *State v.*

5.

*Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), paragraph one of the syllabus, *superseded by rule as stated in State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 13.

{¶ 12} Therefore, we find appellant's first assignment of error not well-taken.

{¶ 13} In his second assignment of error, appellant argues that the trial court erred by summarily dismissing his petition without giving him prior notice and an opportunity to respond.

{¶ 14} As stated above, the court was required to first determine if the court had jurisdiction to consider appellant's subsequent petition for postconviction relief. There is no requirement that the trial court give notice of its intent to do so or an opportunity for appellant to present additional argument or evidence. Appellant was given notice of appellee's filing of a motion for summary judgment/motion to dismiss. Therefore, we find appellant's second assignment of error not well-taken.

{¶ 15} In his third assignment of error, appellant argues that the jury verdict form is not in compliance with R.C. 2945.75. This issue goes to the merits of appellant's petition, which could not be addressed by the trial court because it lacked jurisdiction to do so. Therefore, we find appellant's third assignment of error not well-taken.

{¶ 16} In his fourth assignment of error, appellant argues that the trial court's judgment was not a final, appealable order because the court did not issue findings of fact and conclusions of law. The trial court is not required to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief. *State*

6.

*ex rel. Dillon v. Cottrill*, Slip Opinion No. 2016-Ohio-626, ¶ 5.  Therefore, we find appellant's fourth assignment of error not well-taken.

{¶ 17} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                           JUDGE
Arlene Singer, J.

                     _____
Thomas J. Osowik, J.            JUDGE
CONCUR.

                     _____
                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.