[Cite as *State v. Myers*, 2017-Ohio-1220.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                  Court of Appeals No. WD-16-026

    Appellee                          Trial Court No. 13 CR 141

v.

Craig R. Myers                            **DECISION AND JUDGMENT**

    Appellant                         Decided:  March 31, 2017

* * * * *

Craig R. Myers, pro se.

* * * * *

**JENSEN, P.J.**

{¶ 1} Pro se appellant, Craig Myers, appeals the April 27, 2016 judgment of the Wood County Court of Common Pleas, wherein the court found appellant's claims precluded under the doctrine of res judicata.  Finding no reversible error on record or in the judgment, we affirm.

## Assignments of Error

**{¶ 2}** Appellant sets forth the following assignments of error:

1. Trial Courts analysis of res judicata was erroneous, when ruling on claims number 14, 16, 17, 18, 19, and 20. The Trial Court failed to consider the fact that the finder of fact should have been informed that the Defendant was being singled out for malicious prosecution during pretrial proceedings. The jury should have been well informed that the Defendant's bond had been revoked unlawfully, and that the Defendant was held in jail unlawfully at the time of the March 4, 2013 recorded phone call. Evidence of a pattern of corrupt activity between State Prosecution and Defense Counsel William Hayes and Sheriff Deputy Detective Ginnie Barta certainly would have changed the verdict of February 4, 2015 trial. Violating the Defendant's due process right as to a fair trial. (Sic)

2. Trial Courts analysis of res judicata was erroneous, when ruling on claims number 2, 5, 6, 7, 8, 9, 15, 21, 22, and 23. The Trial Court has failed to up hold the standard as to exculpatory evidence rule. State Prosecution failed to present the video surveillance footage of the Wood County Justice Center for March 5, 2013. Introduction of hearsay, as well as perjured testimony from both State Witness's was prejudice to the Defendant violating his due process as to a fair trial. (Sic)

3. Trial Courts analysis of res judicata was erroneous, when ruling on claims number 1, 3. The Trail Court failed to review that the person and third party that conveyed the alleged threat of harm to the Attorney Hayes has never been established and is outside of the record. Violating the Defendant's due process as to a fair trial. (Sic)

4. Trial Court analysis of res judicata was erroneous, when ruling on claims number 10, 11, 12, and 13. Trial Court allowed the introduction of material evidence that failed to establish probative value as to the charged offense. Violating the Defendant's due process right as to a fair trial. (Sic)

**Facts**

{¶ 3} Appellant threatened to harm his public defender and was charged with retaliation in violation of R.C. 2921.05(A), a felony of the third degree, under case No. 13-CR-141.

{¶ 4} Appellant was tried by a jury and found guilty. He was sentenced to 30 months imprisonment, which was ordered to run consecutively with an eight year total sentence imposed in case No. 11-CR-364. Appellant timely appealed the sentence March 5, 2015.

{¶ 5} On direct appeal, appellant through counsel assigned two errors: "I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Appellant was guilty of retaliation[;]" and "II. Appellant's conviction was against the manifest weight of the evidence presented by the state and was contrary to

3.

law." After careful review of the record and merits, the assigned errors were overruled. *See State v. Myers*, 6th Dist. Wood No. WD-15-017, 2016-Ohio-223, ¶ 21.

{¶ 6} On May 18, 2015, and while his appeal was pending, appellant petitioned the trial court pro se for postconviction relief under R.C. 2953.21. Appellant argued his conviction should be vacated because errors in the proceedings rendered the judgment void or voidable. The state opposed the petition, and after numerous supplemental responses from both parties, the trial court found appellant's claims barred res judicata. The judgment was journalized April 27, 2016, and appellant now appeals.

## Standard of Review

{¶ 7} An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. Abuse of discretion connotes more than an error of law; it implies the trial court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Law and Analysis

{¶ 8} Through the four assigned errors, appellant ultimately argues for postconviction relief by asserting the trial court and his trial and appellate counsel committed a litany of errors. Appellee, the state of Ohio, did not file a brief on appeal.

{¶ 9} "A petition for postconviction relief under R.C. 2953.21 is a collateral civil attack on a criminal judgment, not an appeal of the judgment." *See State v. Gonzales*, 6th

4.

Dist. Wood No. WD-09-078, 2010-Ohio-4703, ¶ 13, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record." *Id.*, citing *State v. Murphy*, 10th Dist. Franklin No. 00AP-233, 2000 Ohio App. LEXIS 6129 (Dec. 26, 2000).

{¶ 10} R.C. 2953.21 affords postconviction relief if "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" *See* R.C. 2953.21(A). "A petition for postconviction relief thus does not provide a petitioner a second opportunity to litigate his or her conviction[.]" *State v. Hessler*, 10th Dist. No. 01 AP-1011, 2002-Ohio-3321, ¶ 23. Such denial is because "[r]es judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996).

{¶ 11} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (Quotations omitted.) *See State v. Adams*, 4th Dist. Lawrence No. 16CA23, 2017-Ohio-519, ¶ 12, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Therefore, any claim "that could have been raised on direct appeal and was not

5.

is res judicata and not subject to review in subsequent proceedings." *See State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8, *citing State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 12} In this case, appellant claims evidentiary errors and violations of due process, of right to fair trial, and of right to effective counsel. He asserts that as a result of constitutional violations, the April 27, 2016 judgment is void or voidable and he should be afforded relief under R.C. 2953.21(A). However, we find appellant's petition is an attempt to relitigate his conviction, because his asserted claims were raised or could have been raised at trial or on direct appeal. Based on the record, appellant had counsel at trial and in his March 5, 2015 direct appeal. Moreover, appellant presents no compelling arguments to support his position, as he merely recites case law and offers unsupported conclusory statements. After careful review of the pertinent facts and law, we find appellant's claims and assigned errors are res judicata and not subject to review for merit.

{¶ 13} Accordingly, the trial court did not abuse its discretion in its April 27, 2016 judgment, and appellant's assigned errors are not well-taken.

### Conclusion

{¶ 14} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE