[Cite as *State v. Allen*, **2017-Ohio-7976.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-17-1085

    Appellee                                    Trial Court No.  CR0199702581

v.

Ronald S. Allen, Jr.                            **DECISION AND JUDGMENT**

    Appellant                                   Decided:   September 29, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Ronald S. Allen, Jr., pro se.

* * * * *

**MAYLE, J.**

{¶ 1} In this accelerated appeal, appellant, Ronald Allen Jr., appeals the March 14, 2017 judgment of the Lucas County Court of Common Pleas denying his "motion of 32C [sic]" and motion to convey.  We affirm.

# I. Background

{¶ 2} In 1997, a jury convicted Allen of murder, and the trial court sentenced him to an indefinite sentence of 15 years to life in prison. We affirmed Allen's conviction on direct appeal. *State v. Allen*, 6th Dist. Lucas No. L-97-1444, 1999 Ohio App. LEXIS 993 (Mar. 19, 1999). In 2011, the trial court filed a nunc pro tunc sentencing entry to comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (entry of conviction not final appealable order unless it included (1) the guilty plea, jury verdict, or finding of the court and the manner of the conviction; (2) the sentence; (3) the judge's signature; and (4) a time stamp indicating journalization).

{¶ 3} We aptly summarized the procedural history of this case in Allen's most recent appeal: "For the past 19 years, appellant has filed numerous motions and petitions for postconviction relief, all of which have been dismissed on the grounds that they were barred by the doctrine of res judicata." *State v. Allen*, 6th Dist. Lucas No. L-15-1191, 2016-Ohio-2666, ¶ 2.

{¶ 4} The current appeal arises from Allen's January 31, 2017 "motion of 32C [sic]" and February 10, 2017 motion to convey, in which he alleged that the trial court lacked jurisdiction to hear his case, the trial court never issued a final appealable order, and his conviction is void, he claims, because the indictment and the judgment entry of conviction and sentence omit the degree of the offense with which he was charged and of which he was ultimately convicted. The trial court treated the motions as petitions for postconviction relief and denied them as successive and untimely.

2.

{¶ 5} On appeal, Allen argues that the trial court did not have jurisdiction over his case because the degree of the offense was not in the indictment or judgment entry of conviction and sentence. The state counters that Allen's claims are barred by res judicata. Alternatively, the state contends that Allen's motions constitute untimely successive petitions for postconviction relief and his sentencing entry is not defective.

{¶ 6} Allen raises one assignment of error:

THE STATE NEVER HAD SUBJECT MATTER JURISDICTION AS A MATTER OF LAW[.]

## II. Law and Analysis

{¶ 7} A petition for postconviction relief under R.C. 2953.21 is the exclusive method by which an offender can raise collateral challenges to the validity of his conviction or sentence. R.C. 2953.21(J). At the time Allen filed his first petition for postconviction relief, R.C. 2953.21(A)(2) required that the petition be filed within 180 days after the transcript was filed in the court of appeals. At the time he filed the underlying motions, the statute required that the petition be filed within 365 days after the transcript was filed in the court of appeals. *Id.*

## A. Allen's Postconviction Relief Petition was Untimely

{¶ 8} Under R.C. 2953.21(C), the trial court is required to determine whether the petition presents substantive grounds for relief before granting a hearing. In doing so, "[T]he court shall consider, in addition to * * * the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, * * * and the court reporter's transcript." *Id.* The trial court cannot

3.

consider a postconviction relief petition that is filed outside of the time limit in the statute, or that is a second or subsequent petition, unless the court finds that both factors in R.C. 2953.23(A)(1) apply. *State v. Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197, ¶ 15.

{¶ 9} First, for the court to consider an untimely or successive petition, the defendant must demonstrate either that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *" or that "the United States Supreme Court recognized a new federal or state right that applies retroactively * * *" to the petitioner. R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶ 10} The trial court determined that Allen failed to establish an exception to the statutory time limit, and we review that decision under an abuse of discretion standard. *Unsworth* at ¶ 16; *State v. Rodriguez*, 6th Dist. Wood No. WD-14-075, 2015-Ohio-562, ¶ 7.

{¶ 11} Although Allen couches his current appeal in terms of the trial court's "subject matter jurisdiction," the underlying motions claim that his sentencing entry does not comply with Crim.R. 32(C) and is therefore void. This is precisely the type of collateral attack that a defendant must pursue by seeking postconviction relief.

{¶ 12} A review of the record shows that this is not Allen's first request for postconviction relief. *See, e.g., State v. Allen*, 6th Dist. Lucas No. L-15-1191, 2016-

4.

Ohio-2666; *State v. Allen*, 6th Dist. Lucas No. L-14-1165, 2015-Ohio-1858; *State v. Allen*, 6th Dist. Lucas No. L-11-1077, 2012-Ohio-3504.  He also filed his motions nearly 20 years after the transcript was filed in this court—substantially outside of the statutory time limit.  Thus, the only way the trial court could have properly considered his untimely petition was if he complied with the requirements in R.C. 2953.23(A)(1).  We find that he did not.

{¶ 13} Allen does not claim that he was unavoidably prevented from discovering the alleged deficiency in his sentence until now.  Nor does he argue that the Supreme Court of the United States recognized a new right that retroactively applies to his sentence.  Further, Allen's motions do not demonstrate by clear and convincing evidence that the outcome here would have been different but for the alleged sentencing error.  Because Allen did not demonstrate that his late filing was excused under R.C. 2953.23(A)(1), the trial court could not consider his petition for postconviction relief.

## B.  Allen's Claim is Barred by Res Judicata

{¶ 14} Allen claims that his sentencing entry is defective because it lacks the degree of the offense and, therefore, the sentence is void and res judicata does not apply to a void sentence.  *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 2.  We disagree.

{¶ 15} Under *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, a judgment entry of conviction was not a final appealable order unless it complied with former Crim.R. 32(C) by including (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based and the manner in which the

5.

conviction was obtained; (2) the sentence; (3) the judge's signature; and (4) a time stamp indicating that the clerk journalized the entry. *Id.* at syllabus. In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Supreme Court of Ohio clarified that a judgment entry of conviction is final and appealable so long as it includes the substantive requirements of Crim.R. 32(C): the *fact* of the conviction (not the manner of the conviction), the sentence, the judge's signature, and the entry on the journal by the clerk. *Id.* at paragraph one of the syllabus. The trial court's failure to include nonsubstantive information in the judgment entry does not render the sentence void. *Id.* at ¶ 11-12; *see State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 39. Thus, although Allen's sentence omits the degree of the offense, this is not one of the substantive requirements of Crim.R. 32(C) and its omission does not void his sentence. His sentencing entry is therefore subject to the doctrine of res judicata.

{¶ 16} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Myers*, 6th Dist. Wood No. WD-16-026, 2017-Ohio-1220, ¶ 11. Therefore, any claim "that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Moreover, Ohio courts have held that the sufficiency of an indictment is not a matter for postconviction relief and that, even if it were, res judicata

6.

would preclude such relief.  *State v. Irbey*, 6th Dist. Lucas No. L-15-1082, 2016-Ohio-1393, ¶ 4.

{¶ 17} Here, Allen is attempting to relitigate issues that have already been decided by the trial court and this court.  Allen was represented by counsel at trial, on direct appeal, and on the appeal of his petition for postconviction relief that resulted in the nunc pro tunc judgment entry.  Although Allen knew or should have known about any issues with his indictment before trial, there is no evidence in the record showing that Allen challenged his indictment in the trial court.  Nor did he raise the issue in his direct appeal or his first petition for postconviction relief.  *See State v. Allen*, 6th Dist. Lucas No. L-98-1433, 1999 Ohio App. LEXIS 3481 (July 30, 1999); *Allen*, 6th Dist. Lucas No. L-97-1444, 1999 Ohio App. LEXIS 993.

{¶ 18} When the Supreme Court of Ohio's decision in *Baker* rendered Allen's sentencing entry deficient, he sought relief in the trial court, which it granted.  *See Allen*, 6th Dist. Lucas No. L-11-1077, 2012-Ohio-3504.  Allen alleges in this appeal that the 2011 nunc pro tunc sentencing entry was invalid because it omitted the degree of the offense, but he could have raised that particular issue in his 2012 appeal.  And although Allen's 2015 petition for postconviction relief claimed that the jury instructions and verdict forms in his trial were deficient because they did not contain the degree of the offense, he did not challenge the sentencing entry on that basis either in the trial court or in this court.  *See Allen*, 6th Dist. Lucas No. L-15-1191, 2016-Ohio-2666.

{¶ 19} The lengthy history of this case conclusively shows that Allen knew or should have known about the alleged deficiency in his indictment by 1997 and that he

7.

knew or should have known about the alleged deficiency in his sentencing entry by 2011, but that he waited until 2017 to raise the issue despite having numerous opportunities to do so. Allen's failure to raise these issues on the direct appeals of his conviction and his petition for postconviction relief that resulted in the nunc pro tunc sentencing entry renders them res judicata, and they cannot be reviewed in this appeal.

{¶ 20} As Allen did not meet the requirements of R.C. 2953.21(A) and R.C. 2953.23(A) and his claims are barred by res judicata, we find that the trial court did not abuse its discretion by denying his motions. Accordingly, Allen's assignment of error is not well-taken.

### III. Conclusion

{¶ 21} The March 14, 2017 judgment of the Lucas County Court of Common Pleas is affirmed. Allen is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

8.