[Cite as *State v. Williams*, 2018-Ohio-1868.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No.  L-17-1245

      Appellee                                 Trial Court No.  CR0201302136

v.

Renzie Lamar Williams                     **DECISION AND JUDGMENT**

      Appellant                                Decided:  May 11, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Renzie Lamar Williams, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a September 7, 2017 judgment of the

Lucas County Court of Common Pleas, denying appellant's pro se April 26, 2017 motion

for a new trial and to vacate the underlying 2014 conviction.

{¶ 2} The subject motion was filed in connection to appellant's February 25, 2014

conviction, following a jury trial, on one count of possession of cocaine, in violation of

R.C. 2925.11(A), one count of possessing weapons while under disability, in violation of R.C. 2923.13(A), and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A).  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Renzie Lamar Williams, sets forth the following four assignments of error:

ONE: THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO DENY LEAVE TO FILE A MOTION FOR NEW TRIAL UNDER OHIO CRIMR. 33 WHEN NEWLY DISCOVERED EVIDENCE PROVED HIS CONVICTION AND SENTENCE WERE OBTAINED IN VIOLATION OF DUE PROCESS.

TWO: THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO DENY LEAVE TO FILE A MOTION FOR NEW TRIAL UNDER OHIO CRIM.R 33 WHEN NEWLY DISCOVERED EVIDENCE PROVED [RC 2925.11] WAS AMBIGUOUS AT THE TIME OF CONVICTION DENYING A FAIR TRIAL AND DUE PROCESS.

THREE:  THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO DENY LEAVE TO FILE A MOTION FOR NEW TRIAL UNDER OHIO CRIM.R 33 WHEN NEWLY DISCOVERED EVIDENCE PROVED THE PROSECUTION ESCAPED

2.

THE BURDEN OF PROOF OF BULK AMOUNT OF COCAINE

THROUGH A TAINTED LAB REPORT AN EXPERT TESTIMONY.

FOUR: THE TRIAL COURT ERRED, ABUSED JUDICIAL

DISCRETION[,] VIOLATED DUE PROCESS[,] AND [VIOLATED]

EQUAL PROTECTION WHEN DENYING POST-CONVICTION

DISCOVERY.

{¶ 4} The following undisputed facts are relevant to this appeal of appellant's 2014 felony convictions.

{¶ 5} On February 25, 2014, appellant was convicted of one count of possession of cocaine, in violation of R.C. 2925.11, one count of possessing weapons while under disability, in violation of R.C. 2923.13, and one count of aggravated possession of drugs, in violation of R.C. 2925.11.

{¶ 6} Counsel was appointed and a timely direct appeal was filed. Appellant's direct appeal raised various substantive issues including sufficiency of the evidence, manifest weight of the evidence, and an alleged unlawful search. On February 5, 2016, appellant's direct appeal was denied and the trial court judgment was affirmed. *State v. Williams*, 6th Dist. Lucas No. L-14-1056, 2016-Ohio-439.

{¶ 7} On June 18, 2014, during the pendency of the direct appeal, appellant filed a motion for post-conviction relief pursuant to R.C. 2953.21. It was denied.

3.

{¶ 8} On April 26, 2017, appellant filed a motion for a new trial pursuant to Crim.R. 33. Appellant asserted that there was newly discovered evidence. The motion was denied on both the merits and due to untimeliness.

{¶ 9} In denying appellant's motion, the trial court noted that the decision upon which appellant relied in support of the motion, was pending and, therefore, was not governing law at the time of appellant's direct appeal, and, regardless, was subsequently reversed by the Ohio Supreme Court. As such, the trial court found that it was inapplicable to appellant's case and did not constitute newly discovered evidence for Crim.R. 33 purposes.

{¶ 10} The trial court further noted that appellant's Crim.R. 33 motion for a new trial was filed more than three years after the underlying conviction. The Crim.R. 33(B) deadlines for filing such a motion are within 14 days after the verdict, or within 120 days of the verdict in cases in which newly discovered evidence can be demonstrated. In either scenario, the subject motion was untimely filed by approximately 3 years. The motion was denied both on the merits and for untimeliness. This appeal ensued.

{¶ 11} Appellant's first three assignments of error are all similarly rooted in the common premise that the trial court abused its discretion in denying appellant's April 26, 2017 Crim.R. 33 motion for a new trial. Accordingly, they will be simultaneously addressed.

4.

{¶ 12} It is well-established that a disputed denial of a motion for a new trial lies within the sound discretion of the trial court and will be granted or refused as justice requires. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990).

{¶ 13} In order to demonstrate an abuse of discretion, it must be shown that more than a mere error of law or judgment occurred. It must be demonstrated that the trial court's action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 14} Crim.R. 33(B) establishes that an, "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within 14 days after the verdict." It further establishes that, "Motions for a new trial on account of newly discovered evidence shall be filed within 120 days after the day upon which the verdict was rendered."

{¶ 15} In addition to the above, pursuant to the doctrine of res judicata, a final judgment of conviction precludes one who was represented by counsel from raising any defense or claimed lack of due process in any proceeding except upon direct appeal from that judgment. Any claim that could have been raised on direct appeal, but was not, is barred by res judicata from being subsequently raised. *State v. Allen*, 6th Dist. Lucas No. L-17-1085, 2017-Ohio-7976, ¶ 16.

{¶ 16} In applying the above-described governing legal principles to the instant matter, we first note that appellant's April 26, 2017 motion, which serves as the basis of

5.

this appeal, was filed approximately 3 years after the expiration of all Crim.R. 33 filing deadlines.

{¶ 17} We further note that appellant's claims are rooted in *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, which was issued while the underlying direct appeal was pending, both demonstrating that the matter could have been raised on direct appeal and also negating the legitimacy of claims of unavoidable prevention from discovery so as to potentially warrant an untimely filing of the motion. Regardless, the matter was subsequently overruled by the Ohio Supreme Court in *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.2d 419.

{¶ 18} Based upon the foregoing, we find that appellant's April 26, 2017 motion was untimely filed, did not contain clear and convincing proof of unavoidable prevention from the discovery of the claimed new evidence, and was based upon substantive claims that could have been raised on direct appeal so as to be presently barred by res judicata.

{¶ 19} In addition to the above considerations, the ruling upon which appellant relies in no way implicates the outcome of this matter as it was not governing precedent at any of the relevant times in this case, and it was subsequently overturned by the Ohio Supreme Court. We find appellant's first three assignments of error not well-taken.

{¶ 20} In appellant's fourth assignment of error, appellant contends that the trial court abused its discretion in denying appellant's motion for discovery in connection to the underlying motion for new trial.

6.

{¶ 21} The propriety of appellant's fourth assignment of error is contingent upon a favorable finding in response to appellant's prior arguments in this appeal that the April 26, 2017 Crim.R. 33 constituted a proper motion filing.

{¶ 22} Given our holding above that the subject motion was untimely, barred by res judicata, and without merit, we similarly find appellant's fourth assignment of error not well-taken.

{¶ 23} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
JUDGE

Thomas J. Osowik, J.          

                                           _____

James D. Jensen, J.             JUDGE
CONCUR.

                                           _____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.