[Cite as *State v. Allen*, 2018-Ohio-878.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Ronald S. Allen, Jr.

Appellant

Court of Appeals No. L-17-1225

Trial Court No.  CR0199702581

**DECISION AND JUDGMENT**

Decided:   March 9, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Ronald S. Allen, Jr., pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1}  In this accelerated appeal, appellant, Ronald Allen Jr., appeals the August 21, 2017 judgment of the Lucas County Court of Common Pleas denying his motion to vacate conviction and sentence and motion for summary judgment.  Because the trial court properly denied the motions, we affirm.

## I. Background and Facts

{¶ 2}   On June 24, 1997, Allen was indicted on one count of involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony ("prior case").  A jury trial was scheduled in the prior case for August 12, 1997.  The morning of trial, the state's key witness left the courthouse and could not be found, so the state asked to dismiss the case.  The trial court granted the state's motion.

{¶ 3}   On August 19, 1997, a second grand jury issued a new indictment charging Allen with one count of murder in violation of R.C. 2903.02, an unclassified felony, and one count of robbery in violation of R.C. 2911.02(A)(2), a second-degree felony ("current case").  On September 10, 1997, a jury convicted Allen of the murder charge and acquitted him of the robbery charge.  The trial court sentenced him to an indefinite sentence of 15 years to life in prison.  We affirmed Allen's conviction on direct appeal. *State v. Allen*, 6th Dist. Lucas No. L-97-1444, 1999 Ohio App. LEXIS 993 (Mar. 19, 1999).

{¶ 4}   Since his conviction, Allen has filed numerous motions that the trial court has construed as petitions for postconviction relief.  Allen's petitions have been denied due to untimeliness, res judicata, or both.  We have affirmed the trial court's decision each time. *See State v. Allen*, 6th Dist. Lucas No. L-17-1085, 2017-Ohio-7976; *State v. Allen*, 6th Dist. Lucas No. L-15-1191, 2016-Ohio-2666; *State v. Allen*, 6th Dist. Lucas No. L-14-1165, 2015-Ohio-1858; *State v. Allen*, 6th Dist. Lucas No. L-98-1433, 1999 Ohio App. LEXIS 3481 (July 30, 1999).

2.

{¶ 5} The current appeal arises from Allen's July 17, 2017 motion to vacate conviction and sentence and July 28, 2017 motion for summary judgment in which he alleged that the trial court lacked subject matter jurisdiction over his case. He claimed that his conviction is void because a criminal complaint was never filed to initiate the current case. The trial court treated the motions as a petition for postconviction relief and denied them on their merits. The court found that the state properly initiated the current case with a grand jury indictment.

{¶ 6} Allen now appeals the trial court's decision, raising three assignments of error:

ERROR I: ABUSE OF TRIAL COURT[.]

ERROR II: THE TRIAL COURTS ERROR IN THERE DENIAL OF DEFENDANTS CHALLENGE FOR SUBJECT MATTER JURISDICTION [sic].

ERROR III: DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT ALLOWED THE PROSECUTOR TO PRESENT AN INDICTMENT UNSUPPORTED BY AS LAW VERIFICATION OF SUBJECT MATTER JURISDICTION.

## II. Law and Analysis

### A. The Trial Court Properly Denied Allen's Motions

{¶ 7} We first consider Allen's second and third assignments of error. They are related, so we consider them together. In them, Allen argues that the trial court abused its discretion in denying his motions because the state did not file a criminal complaint in the

3.

municipal court, so, he claims, the trial court never gained subject matter jurisdiction over the current case. The state counters that Allen was properly charged with an indictment, which invoked the trial court's subject matter jurisdiction. We agree with the state.

{¶ 8} A petition for postconviction relief under R.C. 2953.21 is the exclusive method by which an offender can raise collateral challenges to the validity of his conviction or sentence. R.C. 2953.21(K). Under R.C. 2953.21(D), the trial court is required to determine whether the petition presents substantive grounds for relief before granting a hearing. In doing so, "[T]he court shall consider, in addition to * * * the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, * * * and the court reporter's transcript." *Id.* The trial court cannot consider a postconviction relief petition that is filed outside of the time limit in the statute, or that is a second or subsequent petition, unless the court finds that both factors in R.C. 2953.23(A)(1) apply. *State v. Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197, ¶ 15. Regardless of the statutory limitations, the issue of subject matter jurisdiction can be raised at any time, and the court can consider the merits of an untimely petition for postconviction relief that attacks the trial court's subject matter jurisdiction. *State v. Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, ¶ 13.

{¶ 9} We review the trial court's decision on a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860

4.

N.E.2d 77, ¶ 58. Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

{¶ 10} A complaint is the basic charging instrument in all criminal proceedings in this state. *State v. Ebraheim*, 6th Dist. Lucas No. L-14-1157, 2015-Ohio-4055, ¶ 26, citing *State v. Hess*, 7th Dist. Jefferson No. 02 JE 36, 2003-Ohio-6721, ¶ 16. It is a written statement of the essential facts constituting the offense charged. Crim.R. 3; R.C. 2935.09. A complaint is used to invoke the jurisdiction of the municipal court. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 12.

{¶ 11} An indictment, on the other hand, is issued by the grand jury after twelve jurors have concurred on the charges. Ohio Constitution, Article I, Section 10; R.C. 2939.20. An indictment specifies "in ordinary and concise language without technical averments or allegations not essential to be proved" that the defendant has committed a public offense. Crim.R. 7(B). Both the Ohio and United States Constitutions provide that an individual accused of a felony is entitled to an indictment setting forth the nature and cause of the accusations against him. *State v. Sellards*, 17 Ohio St.3d 169, 170, 478 N.E.2d 781 (1985). The felony jurisdiction of the court of common pleas is invoked by the return of a proper indictment by the grand jury. *Click v. Eckle,* 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). Where the indictment provides the accused with sufficient notice of the charges, the trial court possesses and properly exercises subject matter jurisdiction. *State v. Joseph*, 73 Ohio St.3d 450, 456, 653 N.E.2d 285 (1995). In light of the

5.

applicable law, "A complaint accusing a person of committing a felony is simply not sufficient to charge someone with a felony under either the Criminal Rules or the State and Federal Constitutions." *Hess* at ¶ 17.

{¶ 12} Allen argues that the trial court lacked jurisdiction to hear the current case because it was directly indicted and, unlike in the prior case, no complaint was filed in the municipal court. But Allen fails to appreciate that indictments and complaints are different charging instruments that serve different purposes. A *complaint* is used to invoke the jurisdiction of the municipal court. An *indictment* (or information) is required to invoke the jurisdiction of the common pleas court, i.e., filing a complaint does not invoke the jurisdiction of the common pleas court. Because accusation by indictment or information is the sole means of invoking the common pleas court's felony jurisdiction, it follows that a complaint filed in the municipal court is not a prerequisite to an indictment being filed in the common pleas court.

{¶ 13} Here, the state properly obtained and filed an indictment in the current case—which was all that was necessary to invoke the subject matter jurisdiction of the trial court—and Allen was tried on the properly-obtained indictment. The fact that the state did not file a complaint in municipal court is of no consequence. By obtaining a grand jury indictment, the state invoked the trial court's subject matter jurisdiction over the current case, and Allen was properly tried and convicted on the indictment in the

6.

current case. Accordingly, the trial court did not abuse its discretion by denying Allen's motions. Therefore, we find that Allen's second and third assignments of error are not well-taken.

## B. The Trial Court's Entry Contains Sufficient Findings of Fact and Conclusions of Law

{¶ 14} In his first assignment of error, Allen contends that the trial court erred by failing to issue findings of fact and conclusions of law when it denied his motions. The state counters that findings of fact and conclusions of law were not required because the trial court was without jurisdiction to consider Allen's motions, which the state classifies as an untimely petition for postconviction relief.

{¶ 15} When the trial court denies a petition for postconviction relief (for reasons other than untimeliness), it is required to make findings of fact and conclusions of law regarding its decision. R.C. 2953.21(D); *see State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6 (a trial court need not issue findings of fact and conclusions of law when it denies a petition for postconviction relief as untimely). The reason for requiring findings of fact and conclusions of law is to inform the defendant of the grounds for the trial court's denial and allow the appellate court to properly determine an appeal from the judgment entry. *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982). The judgment entry need not include a section specifically labeled "findings of fact and conclusions of law." *See State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921, ¶ 21. The trial court is not required to discuss every issue the defendant raises or give a lengthy or elaborate explanation of its

7.

findings; rather, its findings only need to be "sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *State v. Calhoun*, 86 Ohio St.3d 279, 291-292, 714 N.E.2d 905 (1999).

{¶ 16} Despite the state's characterization of the trial court's judgment entry as denying Allen's motions as untimely successive petitions for postconviction relief, the court actually decided the motions on their merits (i.e., decided that it had subject matter jurisdiction over Allen's case). Consequently, Allen correctly argues that the trial court was required to issue findings of fact and conclusions of law. Here, we find that the trial court's entry includes sufficient findings of fact and conclusions of law despite its extreme brevity.

{¶ 17} At issue in Allen's motions was the trial court's subject matter jurisdiction over the current case. As we discussed above, all that is required to invoke the court's subject matter jurisdiction over a felony case is the return of a proper indictment by the grand jury. The requirements for a proper indictment are outlined in Crim.R. 7. The trial court found that Allen was prosecuted on an indictment that complies with Crim.R. 7 and that the procedure used to indict and prosecute Allen was proper. Although a judgment entry as cursory as the one the trial court issued will not always be sufficient to meet the findings of fact and conclusions of law requirement in R.C. 2953.21(D), in this case the entry was "sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun* at 291-292. We find, therefore, that the trial court made the necessary findings of fact and conclusions of law when it denied Allen's motions. Thus, Allen's first assignment of error is not well-taken.

8.

## III.  Conclusion

{¶ 18} The August 21, 2017 judgment of the Lucas County Court of Common Pleas is affirmed.  Allen is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE