[Cite as *State v. Kraus*, 2018-Ohio-5283.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  OT-18-014 |
| Appellee | Trial Court No.  2014-CR-0150 |
| v. | |
| Steven W. Kraus | **DECISION AND JUDGMENT** |
| Appellant | Decided:  December 28, 2018 |

* * * * *

Matthew J. Donahue, Special Prosecutor, for appellee.

Steven W. Kraus, pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Steven W. Kraus, appeals the trial court's dismissal of his petition for postconviction relief.  As explained further below, we affirm.  The petition was, in fact, untimely under R.C. 2953.21(A)(2), and appellant did not argue or demonstrate that any of the narrow exceptions for untimely petitions under R.C.

2953.23(A) apply. The trial court, therefore, lacked jurisdiction to consider the untimely petition, and the trial court was not required to issue findings of fact and conclusions of law.

## I. Background

{¶ 2} On July 27, 2015, appellant was convicted of one count of theft from an elderly person in violation of R.C. 2913.02, a felony of the fifth degree. The trial court sentenced him to two years of community control, and ordered appellant to pay a $2,500 fine. Appellant filed a direct appeal to this court. On December 2, 2016, his conviction was affirmed. *State v. Kraus*, 6th Dist. Ottawa No. OT-15-034, 2016-Ohio-8003.

{¶ 3} On February 21, 2017, appellant filed a pro-se Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21.[1] In his petition, appellant asserts various allegations of intentional wrongdoing against the former Ottawa County Prosecutor, the appointed Special Prosecutor in his case, the former chair of the Ohio Democratic Party, the visiting judge who presided over his criminal trial, and the Chief Justice of the Supreme Court of Ohio. He argues that their allegedly wrongful acts should render his conviction void or voidable under the constitutions of the United States and Ohio. In support of these allegations, he attaches a voluminous amount of unverified and unauthenticated exhibits ("Exhibit A" through Exhibit "AAAAAAA"), which are varied

---

[1] Appellant subsequently filed an amended and supplemented petition on March 2, 2017; an amended and supplemented petition on March 13, 2017; a third amended petition on March 20, 2017; and a fourth amended petition on September 18, 2017.

2.

in content, but largely consist of correspondence, news articles dating back to 2014, court documents, and public commentary from social media.

{¶ 4} The state argued, among other things, that appellant's petition should be dismissed as untimely under R.C. 2953.21(A)(2), which provides that a petition for postconviction relief must be filed within 365 days after "the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." The trial court agreed. The court found that because the trial transcripts were filed in appellant's direct appeal on November 17, 2015, his petition "was due no later than November 17, 2016." Given that appellant did not file his petition until February 21, 2017, the trial court found that it was untimely under R.C. 2953.21(A)(2).

{¶ 5} The trial court further noted that because appellant's petition was untimely, the court lacked jurisdiction to consider it unless the elements of R.C. 2953.23(A) were satisfied. It stated that appellant "made no showing of these elements in the statute, nor did he even attempt to meet this burden under the statute." The trial court concluded that it lacked jurisdiction to consider the petition.

{¶ 6} The trial court nonetheless proceeded to state that, even if it had the jurisdictional authority to consider the petition, it was meritless on its face given that it was wholly supported by "unauthenticated and inadmissible evidence" which, in any event, was discoverable at the time of trial. The trial court also admonished appellant for asserting "improper collateral attacks" on the visiting judge that presided over his trial

3.

and Chief Justice of the Supreme Court of Ohio, stating that his claims against them were based on nothing more than "wild speculation" and therefore improper under Civ.R. 11.

{¶ 7} Appellant appealed the dismissal of his postconviction petition, and assigns the following errors for our review:

> I.  THE TRIAL COURT ERRED IN RULING KRAUS'S PETITION UNTIMLY [sic][.]
>
> II.  THE TRIAL COURT ERRED IN DENYING KRAUS'S PETITION FOR LACK OF SUBSTANTIVE GROUNDS[.]

## II.     Law and Analysis

{¶ 8} Both of appellant's assignments of error revolve around the trial court's refusal to consider the actual merits of his petition for postconviction relief.  We will consider his two assignments of error in order.

### A.     The Postconviction Petition was Untimely under R.C. 2953.21(A)(2)

{¶ 9} Appellant filed a petition for postconviction relief under R.C. 2953.21(A)(1)(a), which provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

**{¶ 10}** Such a petition, however, "*shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *.*" R.C. 2953.21(A)(2) (Emphasis added). A convicted defendant may file only one postconviction petition within the prescribed 365-day window, and may not file an untimely or successive petition unless the defendant meets a high burden of demonstrating the "specific, limited circumstances" of R.C. 2953.23(A). *State v. Apanovitch*, Slip Opinion No. 2018-Ohio-4744, ¶ 22.

**{¶ 11}** Here, appellant does not argue that any of the specific, limited circumstances of R.C. 2953.23(A) exist. Rather, he argues that his petition for postconviction relief was timely under R.C. 2953.21(A)(2)—even though it is undisputed that appellant filed his petition more than 365 days after the trial transcripts were filed in the court of appeals on November 17, 2015. Appellant argues that he nonetheless satisfied R.C. 2953.21(A)(2) because he filed his petition on February 21, 2017—which was within 365 days after the clerk's February 22, 2016 notice to all counsel that the entire trial court record, which expressly included "4 TRANSCRIPTS," had been filed with the court of appeals. In support, appellant points to App.R. 11(B), which states that "[u]pon receipt of the record, the clerk shall file the record, and shall immediately give notice to all parties of the date on which the record was filed." In essence, he reasons that the date on which "the record was filed" under App.R. 11(B) should be the triggering date for purposes of the 365-day period of R.C. 2953.21(A)(2). He also argues that "[a]lthough the transcripts show a stamp from the Court of Appeals reflecting filing in

5.

November 17, 2015, * * * *the Court speaks through its journal and nothing was duly journalized until February 22, 2016*." (Emphasis in original.)

{¶ 12} But, as the former Chief Justice of the Supreme Court of Ohio, Thomas J. Moyer, recognized, "we cannot hold that the limitations period begins when the record was filed, because we are restricted by the language of R.C. 2953.21(A)(2), which expressly provides that the limitations period begins on the date the trial transcript is filed." *State v. Hollingsworth*, 118 Ohio St.3d 1204, 2008-Ohio-1967, 886 N.E.2d 863, ¶ 3 (Moyer, J., concurring). Nor can we hold that the applicable 365-day period for filing a petition for postconviction relief is triggered by, as appellant also argues, the "date of journalization" or "the date of the clerk's notice to counsel" because, very simply, that is not what the statute says. Under the plain language of R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within 365 days after the "date on which *the trial transcript is filed* in the court of appeals." R.C. 2953.21(A)(2) (Emphasis added). It is a well-established separation-of-powers principle that courts must apply statutes as they are written by the legislature, and must "refrain from adding or deleting words when the statute's meaning is clear and unambiguous." *Risner v. Ohio Dept. of Natural Resources*, 144 Ohio St. 3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 12.

{¶ 13} It is undisputed that the trial transcripts were filed in the court of appeals in appellant's direct appeal on November 17, 2015. Under R.C. 2953.21(A)(2), appellant

6.

had until November 16, 2016,[2] to file a petition for postconviction relief. He did not file his petition until February 21, 2017. The trial court correctly found that appellant's petition was untimely.

{¶ 14} For these reasons, appellant's first assignment of error is not well-taken.

### B.     The Trial Court Lacked Jurisdiction to Consider the Petition

{¶ 15} In his second assignment of error, appellant claims that the trial court erred by refusing to make findings of fact and conclusions of law when dismissing his petition. He states that "[s]ince the Trial Court did not provide finding of facts and conclusion of law [sic], it is thus impossible for the appellant to proffer a proper argument on the Trial Court errors of this case." But, as we have recognized, a trial court is required to make findings of fact and conclusions of law under R.C. 2953.21(D) when it dismisses a petition for postconviction relief "for reasons *other than untimeliness*." *State v. Allen*, 6th Dist. Lucas No. L-17-1225, 2018-Ohio-878, ¶ 15 (emphasis added). Here, the trial court dismissed appellant's petition as untimely. The salient issue is therefore whether the trial court properly dismissed appellant's petition as untimely—because, if it did, then it had no duty to issue findings of fact and conclusions of law when doing so. *Id.*

{¶ 16} A trial court must dismiss an untimely petition for postconviction relief unless one of the exceptions in R.C. 2953.23(A) applies. R.C. 2953.23(A) allows a

---

[2] The trial court found that Kraus's petition was due no later than November 17, 2016, but because 2016 was a leap year, Kraus's petition would actually have been due on November 16, 2016.

7.

convicted defendant "to file an untimely, successive petition for postconviction relief only under specific, limited circumstances." *Apanovitch* at ¶ 22. It is a "limited gateway through which only those otherwise-defaulted postconviction claims that meet its specific terms may proceed." *Id.* R.C. 2953.23(A) provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error

at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

**{¶ 17}** The Supreme Court of Ohio recently confirmed that "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Apanovitch* at ¶ 36. Given that the legislature has "created a narrow path" for an offender to pursue a claim for

postconviction relief, a trial court "fundamentally lack[s] jurisdiction" to consider an untimely petition that does not satisfy the limited exceptions of R.C. 2953.23(A). *Id.* at ¶ 41.

{¶ 18} Here, given that appellant's petition does not concern DNA testing (R.C. 2953.23(A)(2)) or a recently-issued opinion of the United States Supreme Court (R.C. 2953.23(A)(1)(a)), the trial court could consider the merits of his untimely petition *only if* (1) he demonstrated that he was "unavoidably prevented from discovery of the facts upon which the petition must rely to present the claim for relief" R.C. 2953.23(A)(1)(a), *and* (2) he showed by "clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A)(1)(b). "Clear and convincing evidence" means "that degree of proof which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Hook v. Hook*, 189 Ohio App.3d 440, 2010-Ohio-4165, 938 N.E.2d 1094, ¶ 19 (6th Dist.), quoting *Barkley v. Barkley*, 119 Ohio App.3d 155, 168, 694 N.E.2d 989 (4th Dist.1997). It is the highest evidentiary standard in a civil case. *In re Williams*, 11th Dist. Geauga Nos. 2003-G-2498, 2003-G-2499, 2003-Ohio-3550, ¶ 35.

{¶ 19} Here, the trial court found that appellant "made no showing of these elements in the statute, nor did he even attempt to meet his burden under the statute." We agree. Appellant did not argue or demonstrate that he was "unavoidably prevented from discovery" of the facts that he relies upon in his petition. R.C. 2953.23(A)(1)(a). And he does not identify—let alone affirmatively establish through "clear and convincing"

10.

evidence[3]—a "constitutional error at trial" that, without which, "no reasonable factfinder would have found [him] guilty" of theft. R.C. 2953.23(A)(1)(b).

{¶ 20} We do note, however, that although the trial court found that appellant "[did] not challenge the underlying merits of the felony for which he stands convicted," that is not entirely accurate. Appellant did provide an affidavit from a new witness, Ann Chio, who states that she contacted appellant on July 29, 2017 through Facebook Messenger because she had information "relevant to his case, which [she] had seen on the news." Chio states that she overheard the alleged victim of appellant's theft give her real estate agent, Jenine Porter, "permission to let someone into [her] house to appraise the antiques." At trial, "Porter expressly testified that she only authorized appellant to go into the garage to look at the car; she did not give him permission to go into the house or to appraise other property." *Kraus*, 6th Dist. Ottawa No. OT-15-034, 2016-Ohio-8003, at ¶ 4. Appellant, on the other hand, testified that Porter gave him permission to enter the

---

[3] The vast majority of exhibits that are attached to his petition—including correspondence, typed transcriptions of audio recordings, news articles dating back to 2014, comments from social media, notes, and other items—are unauthenticated and, in any event, mostly inadmissible hearsay. "[T]he trial court was not bound to accept these documents as substantive evidence. These documents contain no affidavit, and on most authorship is unclaimed. Even had these documents been authenticated, they would not be sufficient because they are absolutely hearsay." *State v. Trimble*, 11th Dist. Portage No. 2007-P-0098, 2008-Ohio-6409, ¶ 96, quoting *State v. Taborn*, 8th Dist. Cuyahoga No. 77650, 2000 Ohio App. LEXIS 5488, *11 (Nov. 22, 2000) (finding unauthenticated documents submitted in support of a petition for postconviction relief were patently insufficient to meet petitioner's burden). Moreover, as the trial court noted, most of the materials are largely irrelevant to the required inquiry under R.C. 2953.23(A)(1)(b) —i.e., whether a "constitutional error" occurred at trial, without which he would not have been convicted of theft.

11.

victim's property to evaluate personal belongings for possible auction. *Id.* Appellant claims that Chio's new affidavit "directly contradicts" the sworn trial testimony of the victim and Porter.

{¶ 21} But, even if we assume for the sake of argument that the theft victim's alleged out-of-court statement to Porter, which Chio now claims to have overheard, is not hearsay or would have been admitted pursuant to an exception to the hearsay rule, *and* that appellant demonstrated that he was "unavoidably prevented" from discovering this witness before trial (R.C. 2953.23(A)(1)(a)), *and* that Chio's testimony would have actually "directly contradicted" the testimony of other "key" witnesses as appellant now claims, such evidence merely challenges witness credibility—it is not clear and convincing evidence that appellant would not have been convicted if Chio had testified. Under R.C. 2953.23(A), it is not enough for appellant to claim to have acquired new evidence that is somehow relevant to his case; appellant must prove by clear and convincing evidence that an outcome-determinative constitutional error occurred at trial. "[A witness] credibility challenge is insufficient to demonstrate, by clear and convincing evidence, that 'no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]'" *State v. Sprenz*, 9th Dist. Summit No. 22433, 2005-Ohio-1491, ¶ 11, quoting R.C. 2953.23(A)(1)(b) (finding that the trial court lacked jurisdiction to consider petitioner's untimely petition because he did not demonstrate that any of the exceptions of R.C. 2953.23(A) applied).

12.

**{¶ 22}** Because appellant failed to satisfy the narrow exceptions of R.C. 2953.23(A), we find that the trial court lacked jurisdiction to consider appellant's untimely petition. *Apanovitch,* Slip Opinion No. 2018-Ohio-4744, at ¶ 36. And, because the petition was dismissed as untimely, the trial court was not required to issue findings of fact and conclusions of law. *Allen,* 6th Dist. No. L-17-1225, 2018-Ohio-878, at ¶ 15. Although "it may seem unduly formalistic or unfair to foreclose the trial court from considering a postconviction claim * * * it is the prerogative of the General Assembly, not this court, to set the terms by which an offender may pursue postconviction relief." *Apanovitch* at ¶ 41.

**{¶ 23}** Appellant's second assignment of error is not well-taken.

### III.  Conclusion

**{¶ 24}** In sum, we find that the trial court properly concluded that (1) appellant's petition for post-conviction relief was untimely under R.C. 2953.21(A)(2); (2) the trial court lacked jurisdiction to consider the petition under R.C. 2953.23(A); and (3) the court was not required to issue findings of fact or conclusions of law.

**{¶ 25}** We find appellant's two assignments of error not well-taken, and we affirm the April 10, 2018 judgment of the Ottawa County Court of Common Pleas. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
                                                        JUDGE
Thomas J. Osowik, J.

_____
Christine E. Mayle, P.J.                                 JUDGE
CONCUR.

_____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.