DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Raymond R. Tyulty, Jr., appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which granted him a divorce from Appellee, Donna Tyulty. We affirm.
 I. {¶ 2} Appellant and Appellee were married on October 28, 1998. No children were born of the marriage. On December 26, 2002, Appellant filed a complaint for divorce. Appellee responded with an answer and a counterclaim. In February 2004, the matter proceeded to a bench trial. The trial court issued a final decree of divorce on March 3, 2004, granting the parties a divorce and dividing their property.
 {¶ 3} Appellant timely appealed the division of property, raising one assignment of error for our review.
 II. Assignment of Error
"The trial court's finding that appellant had not proved by clear and convincing evidence that a portion of the marital residence was his separate property is clearly erroneous and against the manifest weight of the evidence."
 {¶ 4} In his sole assignment of error, Appellant maintains that the trial court erred by determining that Appellant failed to prove that any interest in the marital residence is his separate property. We disagree.
 {¶ 5} Before it begins to divide property in divorce proceedings, a trial court must classify the various items of property as either marital or separate. R.C. 3105.171(B). A trial court's factual determinations underlying its classification of property as marital or separate will be upheld if they are supported by competent, credible evidence. Spinetti v. Spinetti
(Mar. 14, 2001), 9th Dist. No. 20113, at 7.
 {¶ 6} In pertinent part, R.C. 3105.171 defines as marital property any interest that either or both of the spouses has in real property that was acquired by either or both spouses during the marriage. R.C. 3105.171(A)(3)(a)(ii). R.C. 3105.171(A)(3)(b) provides that "`[m]arital property does not include any separate property."
 {¶ 7} R.C. 3105.171(A)(6)(a)(vii) defines the following as separate property: "Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." Appellant maintains that a portion of the marital residence is his separate property because it was given to him through two gifts by his father, the previous owner of the home. Specifically, Appellant contends that his father gave him $10,000 in cash for the down payment and effectively gave him $40,000 towards the purchase price, by selling the home to him for $50,000 rather than its fair market value of $90,000.
 {¶ 8} At trial, Appellant and his father both testified that the home was transferred to Appellant and that the difference between the purchase price and the fair market value was a gift to Appellant. Appellant and his father also both testified that Appellant's father gave $10,000 to Appellant to be used as the down payment for the house. Appellee did not contradict this testimony in her own testimony, expressing a lack of personal knowledge.
 {¶ 9} The trial court concluded that Appellant failed to meet his burden of proving by clear and convincing evidence that any interest in the home was his separate property. We have reviewed the evidence offered by Appellant at trial, and find that the trial court's conclusion is proper.
 {¶ 10} In support of his allegations that his father intended to give to him alone the $10,000 in cash and the $40,000 in equity in the house, Appellant offered only the testimony of two interested persons — himself and his father. It is true that Appellee did not oppose these allegations in her own testimony. Nonetheless, her testimony does not lend support to Appellant's effort to prove that a portion of the house is his separate property. Appellee's testimony, taken as a whole, indicates her lack of knowledge of the specifics of the transactions at issue, rather than her acquiescence in the claims of Appellant and his father.
 {¶ 11} In addition, Appellant claims to have offered documentary evidence showing that his father intended to give the $10,000 to him alone, to be used as a down payment on the house. Specifically, Appellant cites to pages four and five of a document marked "Plaintiff's Exhibit 7," which he claims bears a notation that the down payment was to be paid with "[g]ift funds." The only document marked "Plaintiff's Exhibit 7" contained in the record provided to this Court contains only two pages, and does not contain the notation described by Appellant. We note that, even if this Court were provided with the document described by Appellant, our conclusion would not be altered. While the notation described by Appellant might show that Appellant's father intended to present the funds as a gift, it would not make the requisite showing: that Appellant's father intended that the gift be given to Appellant alone.
 {¶ 12} Based on the foregoing, we find that the trial court correctly determined that Appellant failed to prove by clear and convincing evidence that any portion of the marital residence was his separate property. Appellant's assignment of error is overruled.
 III. {¶ 13} Appellant's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.