HOOK, Appellee and Cross–Appellant,

v.

HOOK, Appellant and Cross–Appellee.

[Cite as *Hook v. Hook,* 189 Ohio App.3d 440, 2010-Ohio-4165.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–09–059.

Decided Sept. 3, 2010.

Drew A. Hanna, for appellee and cross-appellant.

Robert E. Searfoss III, for appellant and cross-appellee.

HANDWORK, Judge.

{¶ 1} This appeal is from the judgment of the Wood County Court of Common Pleas, which found that shares of gifted stock and all the traceable assets purchased with the liquidated shares were nonmarital property. Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellant, Darrin Hook, asserts the following single assignment of error on appeal:

{¶ 2} "The trial court committed prejudicial error by concluding, contrary to settled law and all competent evidence, that all shares of Pax Machine Works, Inc. were Plaintiff–Appellee's separate property, and for awarding it and all the property purchased from its liquidation solely to Plaintiff–Appellee."

{¶ 3} Appellee also filed a cross-appeal, but did not submit a brief and assignments of error.

{¶ 4} This divorce action, filed July 9, 2007, was resolved by a final hearing before a magistrate in 2008 and a final decision was rendered in January 2009. The major assets of the family were the family home, valued at $237,300, and 36.84 acres of farmland, valued at $81,400, for a total of $318,700. The parties owe $274,311 in unpaid taxes and other debt for a total of $425,180 of debt. Appellee alone was given stock in two family-owned companies, Pax Machine Works, Inc. and Pax Products, by her parents prior to and during her marriage. That stock was later liquidated, and the $3,035,461 in proceeds paid to appellee alone but deposited into the couple's joint bank account. An accountant testified that upon a review of the bank records, he could determine that the house and farmland and other assets of the couple were purchased and debt paid off with the money from the redeemed stock.

{¶ 5} The magistrate found:

{¶ 6} "4. Most of the parties' assets were purchased from separate property received by [appellee] in the form of stock in a family business.

{¶ 7} "5. [Appellee] has tracked the source of the funds to buy the marital home to a stock redemption of this stock.  * * *

{¶ 8} " * * *

{¶ 9} "7.  Wife purchased the equipment for her business, the Camry, the Prius (which was demolished) and the pickup truck with the redemption of her separate stock money.

{¶ 10} " * * *

{¶ 11} "13.  Wife purchased a new van, valued at approximately $18,000.00 with her separate money from the family stock proceeds that went into a Lincoln Annuity."

{¶ 12} Because the magistrate found that the stock gifts and the money acquired from liquidating that stock had been used to purchase specific property, the magistrate awarded appellee the marital home and farmland and all the appliances and fixtures.

{¶ 13} Appellant filed objections to the magistrate's decision on February 3, 2009.  Appellant specifically objected to item No. 4, arguing: "The Magistrate found that '[appellee] redeemed stock and received approximately three million in the last 3–4 years.'  It should be emphasized that this money was used by and fully benefited [appellant] and the entire family, too [sic].  The parties both established a standard of living, to which they had both become fully accustomed."  Appellant was permitted to file an addendum to his objections on May 26, 2009, in which he cited portions of the transcript to support his argument that the money appellee spent benefited the entire family.

{¶ 14} In its June 22, 2009 judgment, the trial court adopted the factual findings of the magistrate and issued the same order regarding the division of property.  The trial court judge noted the numerous objections filed by the parties and stated that he would address all the points raised by the objections but not each individual objection.  The trial court did not specifically address the issue raised by appellant about the liquidated stock being used to purchase marital property, but did adopt the findings and recommendations of the magistrate.  Appellant filed an appeal from this decision on July 8, 2009.

{¶ 15} Appellant challenges the findings of fact made by the court and numbered 4, 5, 7, 13, and 22 and judgment entries numbered 5 and 8 related to the stock that appellee received from her parents.  He agrees that the Pax Products, Inc. stock was gifted prior to the marriage.  However, he argues that the gifts of 19,889.2063 shares of Pax Machine Works, Inc. were given during the marriage, and there was no evidence presented to prove that the gifts were intended to be given only to appellee.

{¶ 16} Appellant further argues that there was absolutely no evidence to support a finding that the stock shares were intended to be a gift to appellee alone and, because there is a presumption that all property acquired during the marriage is marital property, all the assets that can be traced back to the liquidation of the stock are not separate property. Furthermore, he argues that all the proceeds from the liquidated shares were deposited into the joint checking account and then spent directly or indirectly to benefit the family. The major asset of the couple was the real estate, which was titled in both of their names. Finally, appellant argues that the additional gift of 14,331 shares given during the marriage but after the recapitalization of the stock, which were never liquidated, have never been accounted for in the property distribution.

{¶ 17} Appellee argues first that appellant has waived his right to raise this assignment of error on appeal because he had never made such an objection in the trial court to the finding that the stock was separate, nonmarital property. Civ.R. 53(D)(3)(b)(iv) provides that a party waives the right to assign as error on appeal the court's adoption of a factual finding, with the exception of plain error, if he failed to make an objection to that finding in the trial court. Appellant objected to the magistrate's decision and argued that liquidated stock proceeds were treated like marital property and used to purchase marital property. On appeal, appellant asserts that with this "objection," he really intended to argue that there was insufficient evidence to support a finding that the stock proceeds were not marital property when the couple treated them like marital property. While this is a close case, we find that appellant has not waived the issue of the marital/separate property determination for purposes of appeal. However, appellant never objected to the findings of the magistrate to argue that some of the stock that was gifted during the marriage was never accounted for during the distribution, and we will not address that issue on appeal.

{¶ 18} Generally, the trial court's determination of what constitutes an equitable division of the property will not be overturned on appeal unless the court has abused its discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597. However, the determination of whether property is separate or marital involves a mixed question of law and fact and, therefore, is not a discretionary matter. Such matters are reviewed under a manifest-weight-of-the-evidence standard. *Schober v. Schober*, 6th Dist. No. OT–08–061, 2009-Ohio-4408, 2009 WL 2679561, ¶ 26, citing *Murphy v. Murphy*, 4th Dist. No. 07CA35, 2008-Ohio-6699, 2008 WL 5265673, ¶ 17. A trial court decision will be reversed on appeal under the manifest-weight-of-the-evidence standard only if it is not supported by some competent and credible evidence. *Kelly v. Kelly* (1996), 111 Ohio App.3d 641, 642, 676 N.E.2d 1210, and *Schober* at ¶ 27.

{¶ 19} Generally, the party claiming that an asset is separate property has the burden of proving the claim by a preponderance of the evidence. *Okos v. Okos* (2000), 137 Ohio App.3d 563, 570, 739 N.E.2d 368, and *Peck v. Peck* (1994), 96 Ohio App.3d 731, 734, 645 N.E.2d 1300. However, R.C. 3105.171(A)(6)(a)(vii) provides: "(a) 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following: * * * (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." Because of the presumption that property acquired during marriage is marital property, R.C. 3105.171(3)(a)(i), this presumption can be overcome only with clear and convincing evidence. *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 168, 694 N.E.2d 989. " 'Clear and convincing evidence' means that degree of proof which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.

{¶ 20} The party asserting that a gift was separate property bears the burden of showing an intention to make a separate gift—to benefit one spouse and exclude the other spouse from any rights and interest in the items as marital property. Id. at 169, 694 N.E.2d 989; *Kotch v. Kotch,* 178 Ohio App.3d 358, 2008-Ohio-5084, 897 N.E.2d 1191, ¶ 30, citing *Marshall v. Marshall* (May 4, 2001), 2d Dist. No. 2000 CA 95, 2001 WL 468407; and *Tyulty v. Tyulty,* 9th Dist. No. 22022, 2004-Ohio-5198, 2004 WL 2244478, ¶ 5–12.

{¶ 21} Appellant questions whether the testimony of appellee's father is sufficient evidence to meet the clear-and-convincing standard of proof. Appellant correctly notes that title alone is not sufficient evidence to determine whether property is marital or separate. R.C. 3105.171(H). However, in this case, there was the additional testimonial evidence of appellee's father that the gifts of stock were always made to appellee alone. Furthermore, there is evidence that Pax Products, Inc. and Pax Machine Works, Inc. are family-owned businesses and that the stock gifts were made to the Pax children for estate-planning purposes.

{¶ 22} Appellant emphasizes that the proceeds from the stock were used for "marital purposes" and argues that this fact demonstrates that the stock gift was intended to be given to the couple. We disagree. The intention of the parents is not reflected in the use to which the recipient puts the gift. Appellant used the funds to purchase a home and business because she had no marital resources for such a purchase. Furthermore, appellant's argument actually concerns the doctrine of transmutation, which is no longer applicable in property-division determinations if the separate status of property can be traced. R.C.

3105.171(A)(6)(b) and *Adams v. Adams,* 6th Dist. No. WD–09–022, 2009-Ohio-6257, 2009 WL 4270258, at ¶ 48.

{¶ 23} The court found that this evidence was convincing proof that the gifts were intended to be separate property. Because there is some evidence to support the trial court's finding, we cannot find that the trial court's judgment was contrary to the manifest weight of the evidence. *Froham v. Froham,* 11th Dist. No. 2001–T–0021, 2002-Ohio-7274, 2002 WL 31886681, ¶ 33.

{¶ 24} Appellant's sole assignment of error is not well taken.

{¶ 25} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, we affirm the judgment of the Wood County Court of Common Pleas. Finding that appellee did not file a cross-appeal brief and assignments of error, we dismiss the cross-appeal pursuant to App.R. 18(C). Appellant is hereby ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

OSOWIK, P.J., and COSME, J., concur.