[Cite as *State v. Martin*, 2019-Ohio-2047.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-18-028

    Appellee                                 Trial Court No. 18CR286

v.

Amy M. Martin                              **DECISION AND JUDGMENT**

    Appellant                                Decided:  May 24, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

James H. Ellis III, for appellant.

* * * * *

**ZMUDA, J.**

**I.  Introduction**

**{¶ 1}** Appellant, Amy Martin, appeals the judgment of the Sandusky County Court

of Common Pleas, sentencing her to a total of nine years and six months in prison after

accepting her guilty plea to aggravated robbery, burglary, and failure to comply with

order or signal of police officer.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On March 12, 2018, appellant entered Lee's Famous Recipe Chicken in Fremont, Sandusky County, Ohio, and robbed the restaurant while in possession of a firearm. As a result of the robbery, appellant obtained $385.

{¶ 3} Four days later, appellant forced her way into a Fremont residence located at 636 Sixth Street. Appellant demanded money from the owner of the residence, who gave appellant $30 in response to her demands. Appellant then fled the scene in the resident's automobile. A high-speed police pursuit ensued, and appellant was apprehended after crashing the automobile.

{¶ 4} On April 9, 2018, a bill of indictment was filed with the trial court, charging appellant with one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a felony of the third degree, and one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree. Additionally, a firearms specification was attached to the aggravated robbery charge.

{¶ 5} Following the filing of the indictment, appellant entered a plea of not guilty, and the matter proceeded through pretrial discovery and plea negotiations. On May 17, 2018, appellant appeared before the trial court for a change of plea hearing. At the hearing, appellant entered a guilty plea to three counts: aggravated robbery; burglary;

2.

and failure to comply with order or signal of police officer. Pursuant to the terms of a plea agreement, the state dismissed the firearms specification and the grand theft charge. Following a thorough Crim.R. 11 colloquy, the trial court accepted appellant's plea and continued the matter for sentencing.

{¶ 6} During the plea hearing, appellant indicated that she was addicted to heroin and Xanax, and was using bath salts during the commission of the aforementioned crimes. Appellant claimed that the bath salts altered her consciousness and prevented her from remembering her criminal conduct.

{¶ 7} Appellant's sentencing hearing was held on July 26, 2018. At the sentencing hearing, the trial court ordered appellant to serve eight years in prison for aggravated robbery, six years for burglary, and 18 months for failure to comply with order or signal of police officer. The court ordered the sentences for aggravated assault and burglary served concurrently. The court then directed that the sentence for failure to comply with order or signal of police officer would be served consecutively to the other sentences, for an aggregate prison term of nine years and six months.

## B. Assignments of Error

{¶ 8} Appellant has appealed her conviction, and now asserts the following assignments of error for our review:

> A. Appellant was denied effective assistance of counsel.
>
> B. The trial court erred by failing to comply with applicable statutes in sentencing the appellant.

3.

## II. Analysis

### A. Ineffective Assistance of Counsel

{¶ 9} In appellant's first assignment of error, she asserts that she was deprived of the effective assistance of trial counsel during sentencing.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 10} Here, appellant complains that her trial counsel was ineffective because counsel did not articulate appellant's mental health and substance abuse issues and, therefore, the trial court could not consider appropriate alternatives to incarceration prior to imposing its sentence. Appellant asserts that she has undergone drug addiction treatment at the Zepf Center on two separate occasions, but was unable to enter an inpatient recovery program despite her willingness to do so. On these facts, appellant argues that trial counsel should have provided the trial court with a recommendation for drug addiction and mental health services in lieu of incarceration.

4.

**{¶ 11}** "An attorney's failure to reasonably investigate the defendant's background and present mitigating evidence to the jury at sentencing can constitute ineffective assistance of counsel." *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 234, citing *Wiggins v. Smith*, 539 U.S. 510, 521-522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). However, the defendant carries the burden of demonstrating that trial counsel rendered ineffective assistance by failing to conduct an adequate investigation. *Id.*, citing *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 104.

**{¶ 12}** Our review of the transcript from the sentencing hearing reveals that trial counsel did, in fact, inform the trial court of appellant's mental health and substance abuse issues. During the hearing, the following discussion took place between the trial court and appellant's counsel:

> THE COURT: Okay. [Counsel], is there anything you or your client or anybody else would say – like to say prior to the Court imposing sentence * * *?

> [TRIAL COUNSEL]: Thank you, Your Honor. Yes, I would like to make a statement on Amy's behalf.

> * * *

> I'm glad that the Court has read the letters. I'm glad that the Court spent the extra time today looking at the P.S.I. 'cause there's a lot of information in there.

5.

She does have the depression, the mental health illness, and she does have the drug problem. She's making good progress. She made great progress while hospitalized.

She – I see the score, the ORAS score is high. The last time she was sentenced, it was not high enough to go to Crosswaeh. We would ask the Court [consider] some sort of treatment so that when she gets out, she's a better person. When she is incarcerated she gets some help for her mental health issues and also her drug abuse.

\* \* \*

THE COURT: What type of treatment do you think – do you think the Court can order?

[TRIAL COUNSEL]: Well, I guess I'm of the opinion the Court can order whatever it wants, but if it's a mental health – if it's inpatient, if it's – she would be willing to go back to the NOPH. She wants help. She is remorseful, and she is intent on getting better.

{¶ 13} Following this dialogue, the court afforded appellant an opportunity to speak, and appellant referenced her substance abuse issues, stating that "hard drugs affected me." Appellant went on to indicate that she "steadily went downhill" as a result of drug abuse, leading her to check into various rehabilitation facilities. Further, appellant explained that she had become severely depressed.

6.

{¶ 14} After appellant and her counsel spoke, the trial court addressed appellant and took note of her substance abuse issues. The court sympathized with appellant's condition, but nonetheless deemed a prison sanction necessary to protect the community and found that prison was appropriate in view of the harm appellant caused to the victims. In particular, the court stated:

> [Appellant], you understand that when I sentence you, I not only have to think about you as a person, but I have to think about the community as a whole, and I especially have to think about [the victim].
>
> Did you – was it shared with you in the Pre-Sentence Investigation that she no longer feels comfortable in her own home – * * * that she doesn't sleep, that she's so afraid that there's going to be repercussions from people that you have associated with * * *? They know her address, and they know how vulnerable she is, and she's scared to death.
>
> * * *
>
> I'm saying that so that you understand what is involved in the Court imposing a sentence upon a Defendant who's convicted of these nature of offenses.
>
> I have compassion for anybody that has a drug addiction problem, I really do. It's absolutely horrible, I'm sure it is, but having a drug abuse problem is not a license to wreak havoc. It is not an excuse. It might help explain why you behaved the way you did, but we all know that when you

injected those drugs into your veins, * * * that was a free and voluntary act. You did that of your own volition, and anybody that has been using drugs for the past five years and buying them off the street knows as well as anybody else that people who sell drugs are scum bags, and they will put anything in a mixture of drugs in order to keep you actively addicted, you know that, and you know that at the time you did it.

　　　　* * *

I read your letters. I read your mother's letters. I am so sympathetic in that sense to the situation that you're in, and if this was just about you, the Court's sentence would probably be a lot different than it is.

{¶ 15} Upon consideration of the foregoing, we find that the record in this case belies appellant's assertion that trial counsel failed to adequately investigate her background and present mitigating evidence at sentencing. Counsel referenced appellant's substance abuse issues in an effort to secure a sentence that would be most advantageous to appellant. Counsel's argument was then buttressed by appellant's articulation of her substance abuse and mental health issues. Further, the presentence investigation report that was prepared and reviewed by the trial court includes a detailed description of appellant's mental health issues and substance abuse.

{¶ 16} In the presentence investigation report, appellant reported that her drug abuse

8.

started over percocets and a back injury, [Xanax] and bad nerves. * * * All my life till I was almost 33 I had only smoke pot and now I'm a heroin/Xanax addict who thought I was buying dope and instead was sold an even worse drug. I'm not sure what made me blackout, the bath salt/meth or the [Xanax] on top of the weird crap. But [it has] ruined me and my life, and I'm sorry with my whole heart.

Additionally, the presentence investigation report revealed that appellant was diagnosed with a number of mental health issues including major depressive disorder, obsessive-compulsive disorder, and generalized anxiety disorder.

{¶ 17} At sentencing, the court indicated its consideration of the presentence investigation report, and noted appellant's mental health and substance abuse when it addressed appellant. On this record, we find no support for appellant's assertion that counsel failed to adequately present mitigation evidence to the trial court at sentencing. Therefore, we find trial counsel's performance was not deficient.

{¶ 18} Because we find the first prong of *Strickland* has not been met, we need not address the second prong. Having found that trial counsel's representation of appellant at sentencing was not deficient, we conclude that appellant's ineffective assistance argument is without merit. Accordingly, appellant's first assignment of error is not well-taken.

9.

## B. Compliance with R.C. 2929.11 and 2929.12

{¶ 19} In her second assignment of error, appellant argues that the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 prior to fashioning its sentence. Likewise, appellant urges that the trial court did not take all of the sentencing factors contained in R.C. 2929.12 into consideration before imposing its sentence.

{¶ 20} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or]

(b) That the sentence is otherwise contrary to law.

{¶ 21} Here, only R.C. 2953.08(G)(2)(b) is relevant. Thus, "clearly and convincingly" in this context means that the record must provide us with "a firm belief or conviction" that appellant's sentence was contrary to law. *Hook v. Hook*, 189 Ohio App.3d 440, 2010-Ohio-4165, 938 N.E.2d 1094, ¶ 19 (6th Dist.).

{¶ 22} A sentence is not contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11, along with the seriousness and

10.

recidivism factors under R.C. 2929.12, and imposes a sentence within the statutory range. *See State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

**{¶ 23}** R.C. 2929.11(A) provides:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶ 24}** In order to comply with R.C. 2929.11(A), a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). To determine the most effective way to comply with the purposes and principles of sentencing set forth in

11.

R.C. 2929.11, the trial court must consider the seriousness and recidivism factors outlined in R.C. 2929.12.

{¶ 25} Here, appellant does not dispute that her sentence falls within the applicable statutory range. Rather, appellant argues that the record is devoid of any evidence that the trial court considered her substance abuse and mental health issues as mitigating factors under R.C. 2929.12(C) and (E). We have already concluded that this argument lacks support in the record based upon the trial court's dialogue with appellant regarding her substance abuse history and her ongoing mental health issues. Ultimately, the trial court found that the mitigating evidence was outweighed by the court's need to protect the public from harm.

{¶ 26} We have previously noted that "a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria." *State v. Allen*, 6th Dist. Ottawa No. OT-18-001, 2018-Ohio-3822, ¶ 27, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000) and *State v. Thebeau*, 6th Dist. Ottawa No. OT-14-017, 2014-Ohio-5598, ¶ 16. "Merely stating that the court considered the statutory factors is enough." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.), citing *Arnett* at 215.

{¶ 27} In its sentencing entry in this case, the trial court stated its consideration of the relevant sentencing statutes, as follows:

12.

The Court has considered the record, oral statements and prior criminal history of the defendant and has also considered the principles and purposes of sentencing under R.C. 2929.11. and has balanced the seriousness and recidivism factors under R.C. 2929.12.

{¶ 28} The trial court's statement that it considered the relevant sentencing statutes is supported by the record at sentencing, where the trial court explained its rationale behind the prison sentence, relying upon the need to protect the public from future harm and the impact appellant's behavior had on the victims in this case. Because the trial court considered the principles and purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12, we find that appellant's sentence, which is within the applicable statutory range, is not contrary to law.

{¶ 29} Accordingly, appellant's second assignment of error is not well-taken.

### III. Conclusion

{¶ 30} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.

_____

Gene A. Zmuda, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.